UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA      PLAINTIFF

v.      CRIMINAL NO.: <u>3:22CR-59-DJH-2</u>

ANGEL MARTIN      DEFENDANT

## SENTENCING MEMORANDUM
*ELECTRONICALLY FILED*

The United States of America, by counsel, files its memorandum in support of sentencing in this action, currently scheduled for September 27, 2023. The United States does not plan to put on testimony at the hearing.

The United States agrees with the Guideline calculations in the final Presentence Investigation Report (PSR), which include an adjusted offense level of 19, a Criminal History Category of I, and a sentencing range of 30 to 37 months. *See* PSR at paragraph 68 [DN 62]. It is the position of the United States that a low-end sentence of 30-months imprisonment is appropriate as to Counts 1 and 2. Plea Agreement [DN 56]. Additionally, restitution should be ordered in the amount of $148,281.32 to the victims as identified in the PSR. PSR at paragraph 81 [DN 61].

### I. OFFENSE CONDUCT

The United States agrees with the underlying offence conduct as set for in the PSR at paragraphs 7-21. PSR [DN 62]. The defendant plead guilty to a two-count Indictment on January 5, 2023. PSR at paragraph 4 [DN 62]. The two counts of the Indictment charged the defendant with conspiracy to steal U.S. Mail and illegal possession of a U.S. Postal arrow key, which is a universal key that opens mailboxes. Indictment [DN 3]. In May and June of 2022 Martin and his co-conspirators, including co-defendant Brandon King, stole mail from United States Postal mailboxes and receptacles in the Louisville area. PSR at paragraphs 7-18 [DN 62]. The defendants

with Martin driving, after attempting to flee law enforcement and ramming a police vehicle, were arrested by local authorities on June 8, 2022. PSR at paragraphs 15-17 [DN 62]. As part of the scheme, they used a stolen U.S. Postal arrow key to open the mailboxes and steal items. PSR at paragraphs 7-18 [DN 61]. Among other items, they stole checks from the mailboxes and then negotiated or attempted to negotiate them by altering the checks or forging signatures. The total loss, which includes actual and intended loss, is $179,540.90. PSR at paragraph 19 [DN 62]. The actual loss, which includes negotiated altered or forged checks, was $148,281.32 and the remainder is intended loss. The intended loss amount includes checks seized from the vehicle of Martin and his co-codefendant King that were not yet negotiated. PSR at paragraph 19 [DN 62].

## II. GUIDELINE CALCULATIONS

The United States agrees with the Guideline calculations in the PSR, which include an adjusted offense level of 18, a Criminal History Category of I, and a sentencing range of 30 to 37 months. PSR at paragraph 68 [DN 62].

## III. CRIMINAL HISTORY

The United States does not object to the criminal history calculation in the PSR. Defendant has a Criminal History Category of I. PSR at paragraph 46 [DN 62].

## IV. SENTENCING FACTORS

The total offense level should be 19 for Counts 1 and 2. The Criminal History Category is I. The sentencing range pursuant to the Guidelines would be 30 to 37 months imprisonment. The United States takes the position that a low-end sentence of 30 months is appropriate.

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). Title 18, United States Code, Section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

 (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

 (2) the need for the sentence imposed:

  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  (B) to afford adequate deterrence to criminal conduct;

  (C) to protect the public from further crimes of the defendant; and

  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

 (3) the kinds of sentences available;

 (4) the kinds of sentence and the sentencing range established for--

  (A) the applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines
. . .

 (5) any pertinent policy statement--
. . .

 (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

 (7) the need to provide restitution to any victims of the offense.

There are several aggravating factors to consider in this case. The defendant, along with co-defendant King, traveled from Chicago to Louisville for the sole purpose of committing criminal conduct. The criminal conduct occurred over several weeks and was quite extensive. King and Martin were arrested in a vehicle driving by Martin. The vehicle they were driving intentionally rammed a police vehicle and both King and Martin attempted to flee the scene on feet. Martin deserves low-end Guideline due the seriousness of the offense. Had the defendant not been arrested he would have presumably still been committing similar acts.

 In addition, the defendant is only 24 years old, but he deserves a significant sentence to specifically deter him from future criminal conduct. A low-end Guideline is sufficient, but not more than necessary, to specifically deter him and generally deter others from committing similar criminal conduct.

## VI. RESTITUTION

The parties have stipulated and agreed to restitution in this matter in the amount of $148,281.32. Plea Agreement at paragraph 9 [DN 56]. The amount would be owed jointly and several with co-defendant King. Restitution is pursuant to 18 U.S.C. § 3663A. The parties anticipate entering into an Agreed Order of Restitution for this amount to be filed with the Court at sentencing and incorporated into the Judgment and Conviction Order.

## VII. FORFEITURE

Forfeiture is not at issue in this case.

## VIII. CONCLUSION

For the reasons set forth herein, the United States respectfully requests the Court to apply the Sentencing Guidelines, follow the statutory directives set out in 18 U.S.C. § 3553(a), and follow the government's recommendation, by imposing a sentence of 30 months, and ordering restitution in the amount of $148,2891.32.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

/s/ *Bryan R. Calhoun*
Bryan R. Calhoun
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky  40202
(502) 582-5911

### CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to defense counsel.

/s/ *Bryan R. Calhoun*
Bryan R. Calhoun
Assistant U.S. Attorney