UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                                                        CRIMINAL CASE NO. 3:22-CR-59-DJH

ANGEL MARTIN                                                                                 DEFENDANT

*Electronically Filed*
**MOTION FOR ORDER OF RESTITUTION**

The United States, by and through undersigned counsel, moves the Court to order the defendant, Angel Martin, to pay restitution. As part of the plea agreement, the defendant admitted to the factual basis for restitution and agreed to pay $148,281.32 in restitution. Accordingly, the Court should order the defendant to pay restitution.

**Relevant Facts**

On June 12, 2023, Martin entered a guilty plea to counts one and two of the Indictment. (DN 56, Plea Agreement). The plea agreement outlined the factual basis for the plea,

> In May and June of 2022 Angel Martin and his co-conspirators conspired and agreed with one another to steal mail from United States Postal mailboxes and receptacles in the Jefferson County, Kentucky, area. During the course of the conspiracy Angel Martin and co-conspirators unlawfully used a key to open U.S. Postal mailboxes and to steal items deposited in the mailboxes. [Among] other acts, they stole checks deposited in the U.S. Postal mailboxes and "washed" them, which included changing the payee name and amount. They then, on a number of occasions, illegally negotiated these stolen and altered checks …

*Id.* As part of the plea, Martin agreed to pay restitution in the amount of $148,281.32. *Id.* At sentencing, the United States believed there to be a larger loss amount than contemplated in the plea. Martin objected to any amount of restitution over the amount stipulated to in the plea agreement.

Martin was sentenced on September 25, 2023, and ordered to pay "restitution in accordance with 18 U.S.C. §§ 3663 and 3663A …." (DN 74, Judgment). The court ordered an assessment of $200 and restitution in the amount $148,281.32. *Id.* The United States now seeks an order of restitution for $148,281.32, the amount reflected in the defendant's plea agreement and in the judgment.

## Argument

### A. Restitution is Mandatory in this Case

The Mandatory Victims Restitution Act ("MVRA") made restitution mandatory "for an offense against property under this title … in which an identifiable victim or victims has suffered a physical or pecuniary loss." 18 U.S.C. § 3663A(c)(1)(A) and (B). "In calculating restitution, the loss caused by the conduct underlying the offense of conviction established the outer limits of a restitution order." *United States v. Freeman*, 640 F.3d 180, 193 (6th Cir. 2011) (quoting *United States v. Kratt*, 579 F.3d 558, 565 (6th Cir. 2009)). If the offense is a conspiracy, a "victim" includes "any person directly harmed but the defendant's criminal conduct" in the course of the conspiracy." *United States v. Elson*, 577 F.3d 713, 722, 723 (6th Cir. 2009) (quoting identical definition of "victim" in 18 U.S.C. §§ 3662(a)(2) and 3663A(a)(2)). "Where a defendant is convicted pursuant to a guilty plea rather than by a jury, the court should look to the plea agreement, the plea colloquy, and other statements made by the parties to determine the scope of the offense of conviction for purposes of restitution." *Freeman*, 640 F.3d at 194 (quoting *Elson*, 577 F. 3d at 723).

Where the defendant is convicted of "an offense that involves as an element a scheme, conspiracy or pattern of criminal activity" restitution must be ordered for "any person directly harmed by the defendant's criminal conduct in the course of the scheme." 18 U.S.C. § 3663A((a)(2). *See also United States v. Winans*, 748 F.3d 268, 272 (6th Cir. 2014). The Sixth Circuit has held that the amended versions of § 3663(a)(2) of the Victim Witness Protection Act authorizes restitution "for all losses attributable to [the defendant]'s scheme to defraud. *United States v. Jewett*, 978 F.3d 248,

2

252 (6th Cir. 1992). The similar language in the MVRA required the sentencing court to order restitution that relates to any victim's losses within the course of the entire scheme and not simply the loss caused by the conduct expressly identified in the indictment. *United States v. Carpenter*, 539 Fed. App'x 553, 559 (6th Cir. 2009).

Here, the defendant entered a guilty plea to one count each of 18 U.S.C. § § 371 and 1704. Therefore, restitution is mandatory. Further, restitution is mandatory for all losses that are attributable to the defendants' scheme or conspiracy to defraud. The United States and the defendants also stipulated in the plea agreement that restitution would be ordered in the amount of $148,281.32.

### B. The Court has Jurisdiction to Order Restitution

At sentencing, the United States requested more time to address the restitution amount, as more losses had been identified. Defendant Martin argued that pursuant to 18 U.S.C. § 3664(d)(5), because the United States failed to notify the court within ten days of sentencing, the court could not order restitution over the agreed upon amount of $148,281.32.

The United States was unaware of restitution issues until after the ten-day period had already passed and is only seeking restitution in the amount of $148,281.32, which is the amount stipulated to in the plea agreement. Further, the fact the court was not informed of the restitution issues ten days prior to sentencing, does not prohibit the court from now entering a restitution order in accordance with the MVRA and the plea agreement.

18 U.S.C. 3664(d)(5) reads in part,

> If a victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing."

"After examining the language, the context, and the purposes of [18 U.S.C. § 3664(d)(5)]," the United States Supreme Court "found that [the] deadline seeks speed by creating a time-related

directive that is legally enforceable but does not deprive a judge … of the power to take the action to which the deadline applies if the deadline is missed." *Dolan v. United States*, 560 U.S. 605, 611 (2010.) The use of the word "shall" in the statute "does not always [lead] this Court to interpret statutes to bar judges or other officials) from taking the action to which a missed statutory deadline occurs." *Id.* "[T]he Act's procedural provisions reinforce … that the statute seeks primarily to assure that victims of a crime receive full restitution." *Id.* at 612.

Therefore, the failure of the United States to inform the court ten days prior to sentencing does not bar this Court from ordering restitution.

**C. The Victim's Losses**

This Court should order Martin to pay restitution in the amount of $148,281.32 to the following victims:

| VICTIM | AMOUNT OF LOSS |
|---|---|
| A.L.C. | $36,888.77 |
| P.A. & K.A. | $9,000.00 |
| R.C. | $7,682.95 |
| F.H. | $12,200.00 |
| H.M.S. & J.S. | $7,230.00 |
| C.S. | $5,012.76 |
| R.S. | $5,300.00 |
| L&N Federal Credit Union | $20,000.00 |
| Republic Bank | $3,088.50 |
| Fifth Third Bank | $22,620.00 |
| Stock Yards Bank & Trust Co. | $5,803.06 |
| JP Morgan Chase Bank | $13,455.28 |

| Total Amount | $148,281.32 |
|---|---|

A copy of all checks included in the request for restitution is attached as Exhibit A. All checks were part of the scheme or conspiracy to steal mail from mailboxes as outlined in the plea agreement.

On or about September 20, 2023, the United States received a victim impact statement from A.L.C. that listed their total loss as $73,776.75. A.L.C. identified three checks that were mailed and never received by the payee. Each check was in the amount of $24,592.25 and were altered and negotiated. The initial restitution calculation only included one of these checks. A.L.C. confirmed their bank reimbursed them for half of their loss, leaving A.L.C. with a loss of $36,888.77. It was also determined that S.S. suffered a loss of $35,718.42, not $25,718.42 as listed in the PSR.[1]

The United States also learned from multiple victims that their losses were at least partially reimbursed by their banks. "If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation …" 18 U.S.C. § 3664(j)(1). The United States has reflected the banks' reimbursements on the proposed Order of Restitution.

L&N Federal Credit Union compensated B.H.R. for their loss of $20,000; Republic Bank covered the loss for K.H. & E.H; Fifth Third Bank covered losses for C.J., M.S & M.J.K. & V.S, A.B. and G.M.; Stock Yards Bank & Trust Co. covered losses for D.N. & J.N; and J.P. Morgan Chase Bank covered losses for S.S.

While A.L.C.'s bank compensated them for part of their losses, the United States is not asking the Court to include the bank's loss in the restitution order because of the previously stipulated amount in the plea agreement. The United States is also only seeking compensation to the bank for S.S. up to the amount stipulated to in the plea agreement. The United States did attempt to

---

[1] The PSR listed two separate losses for S.S., one for $12,885.90 and $12,852.52. It should have been $12,885.90 and $22,852.562.

5

contact the banks to inform them they could independently ask the court to include their amounts in the restitution order. The United States did not get responses from either bank.

## Conclusion

For the reasons set forth above, this Court should enter the proposed Restitution Order, requiring Angel Martin to pay restitution in the amount of $148,281.32.

MICHAEL A. BENNETT
United States Attorney


 *s/ Erin M. Bravo*
Erin M. Bravo
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky 40202
erin.bravo@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

 *s/ Erin M. Bravo*
Erin M. Bravo
Assistant U.S. Attorney
